# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| TRAVIS M. DETHMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CROSSROADS CORRECTIONAL FACILITY,<br><br>Defendant. | Cause No. CV 12-00027-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Pending are Plaintiff Travis Dethman's Motion for Leave to Proceed in Forma Pauperis C.D. 3 and proposed Complaint. C.D. 1. Mr. Dethman seeks to recover from Crossroads Correctional Facility for a rape which allegedly occurred on February 6, 2005. The motion to proceed in forma pauperis will be granted. After conducting the prescreening process mandated by 42 U.S.C. § 1915, the Complaint must be recommended for dismissal for Mr. Dethman's failure to file within the applicable statute of limitations.

## II. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action

1

presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 1.11(a)(2)(C).

This proceeding was referred to this Court pursuant to Local Rule 72.2(a) and 28 U.S.C. § 636(b)(1).

### III. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Dethman submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Dethman is required to pay the statutory filing fee of $350.00. Mr. Dethman submitted an account statement showing average monthly deposits of $20.00 over the six months immediately preceding the filing of this action (October 1, 2011 through April 17, 2012). Therefore, an initial partial filing fee of $4.00 will be assessed by this Order. See 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the agency having custody of Mr. Dethman to collect the initial partial filing fee from Mr. Dethman's account and forward it to the Clerk of Court.

Thereafter, Mr. Dethman will be obligated to make monthly payments of

20% of the preceding month's income credited to Mr. Dethman's prison trust account. The percentage is set by statute and cannot be altered. See 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Mr. Dethman to forward payments from Mr. Dethman's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## IV. STATEMENT OF CASE

### A. Parties

Mr. Dethman is a state prisoner currently incarcerated at Montana State Prison. All events alleged in his Complaint arose while he was incarcerated at Crossroads Correctional Facility. Mr. Dethman is not represented by counsel. The named Defendant is Crossroads Correctional Center.

### B. Allegations

Mr. Dethman alleges he was sexually assaulted, beaten, and raped by two inmates while incarcerated at Crossroads Correctional Facility on February 6, 2005. C.D. 1, p. 5.

## V. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW

### A. Standard

Mr. Dethman is a prisoner proceeding in forma pauperis so his Complaint is

reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v.

Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez, 203 F.3d. at 1127 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

**1. Statute of Limitations**

The United States Supreme Court in Wilson v. Garcia, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1). The statute of limitations runs from the date the claim accrued. Federal law determines when a cause of action accrues and the statute of limitations begins to run for a section 1983 claim. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

Mr. Dethman's claim arose on February 6, 2005, the date of the alleged rape. Thus, his Complaint needed to be filed on or before February 6, 2008. The Complaint was not filed until April 11, 2012, over four years after the statute of limitations had run. Thus, these claims should be dismissed with prejudice.

### 2. State Law Claims

To the extent Mr. Dethman intends to pursue any state law claims regarding this incident, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)(district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

## VI. CONCLUSION

As set forth above, Mr. Dethman failed to file his claims within the applicable statute of limitations. This is not a defect which could be cured by amendment. Accordingly, the Complaint should be dismissed with prejudice.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This case should be designated a "strike" because the failure to file within the applicable statute of limitations constitutes a failure to state

6

a claim upon which relief may be granted. Jones v. Bock, 549 U.S. 199 (2007).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal

7

has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

The finding that Mr. Dethman failed to file within the applicable statute of limitations is so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good faith.

### C. Address Change

At all times during the pendency of this action, Mr. Dethman SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Dethman has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **ORDERED**:

1. Mr. Dethman's Motion to Proceed in forma pauperis C.D. 3 is granted. The Clerk shall file the Complaint without prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed April 11, 2012.

It is **RECOMMENDED:**

1. Mr. Dethman's Complaint should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Dethman's failure to file within the applicable statute of limitations.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Dethman may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Dethman files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Dethman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of June, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge